IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MELVIN JEFFERSON							PETITIONER
ADC #090532

v.			Case No. 5:14-cv-00414 DPM-JTK

WENDY KELLEY,[1] *Director*,
Arkansas Department of Correction					RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

---

[1] Wendy Kelley replaced Ray Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this matter.

or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A 149
>  Little Rock, AR 72201-3325

**Introduction**

On November 14, 2014, Petitioner, Melvin Jefferson, an inmate in the Arkansas Department of Correction (ADC), filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after he pleaded guilty to first and second degree domestic battery. (DE #2) Respondent filed a response to the petition on January 20, 2015, (DE #6) to which

Petitioner filed a Traverse on April 28, 2015 (DE #7).  On November 12, 2015, the Court directed Respondent to file documents in compliance with Rule 5(d) of the Rules Governing Section 2254 Cases. (DE #8)  Respondent filed an Addendum on November 23, 2015.  (DE #9) After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be dismissed.

## Procedural History

In 1987, Petitioner pleaded guilty to first-degree false imprisonment, and he received probation. (DE #6, Exhibit A) In 1988, Petitioner pleaded guilty to first-degree murder, and he was sentenced to forty (40) years in the ADC.  (DE #6, Exhibit B) Following his ADC release in 2004, Petitioner pleaded guilty on December 7, 2004, to first degree and second degree domestic battery.  He received sentences of 300 and 240 months respectively, to be served concurrently with the remainder of his prior first-degree murder conviction.  (DE #6, Exhibit C)

Petitioner did not appeal his 2004 conviction nor did he pursue postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.  On November 19, 2009, Petitioner filed a state habeas petition.  In the state habeas petition, Petitioner argued that he received an illegal sentence because the judgment and commitment order in his case did not reflect that he was sentenced as an habitual offender. The Lincoln County Circuit Court denied the petition, and Petitioner lodged a pro se appeal from the trial court's order.  In a per curiam opinion dated April 29, 2010, the Arkansas Supreme Court found Petitioner could

not be successful on appeal, and it denied Petitioner's motion for extension of time to file his brief and dismissed the appeal. (DE #9-1) Petitioner filed the instant federal habeas petition on November 14, 2014.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following four grounds: (1) trial counsel was ineffective for his failure to adequately research and discuss Petitioner's ineligibly for parole; (2) trial counsel was ineffective for his interference with the trial judge's duty to advise him of all of his constitutional rights; (3) trial counsel failed to file an appeal although he said he would do so; (4) trial counsel was Petitioner's counsel until 2010; (5) the ADC failed to administer the correct Judgement and Commitment Order to reflect that Petitioner's sentence was concurrent to his parole violation, thus making him ineligible for parole; and (6) Petitioner would not have pleaded guilty and proceeded to trial had he known he would be ineligible for parole.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The latest potential starting date for limitations purposes was January 7, 2005, the date that Petitioner's time to appeal would have expired. *See Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015) (citing Ark. R. App. P. –Crim. 2(a)(1)). Thus, Petitioner was required to file his

federal habeas petition by January 9, 2006.[2] Petitioner did not file the current petition until November 14, 2014, making his petition untimely. Consequently, the petition should be dismissed as time-barred because it was filed after the statute of limitations expired.

Petitioner asserts that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), provides a basis for statutory or equitable tolling of the statute of limitations. Petitioner seeks tolling by claiming a state-created impediment through ineffective assistance of counsel, which caused him to wait too long on counsel and fail to take action in a timely manner.

There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). "Ineffective assistance of counsel generally does not warrant equitable tolling." *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). Further, *Martinez* does not provide a basis for either statutory or equitable tolling. *See Henderson v. Hobbs*, No. 5:07-cv-00093-JMM-BD, 2012 WL 4049222, at *4 (E.D. Ark. Aug. 29, 2012) ("The *Martinez* court did not

---

[2]January 6, 2006, fell on a Saturday, so Petitioner had until the next business day to file his petition. Fed. R. Civ. P. 6(a)(1)(C).

5

create . . . a new ground for equitable tolling of the statute of limitations."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner failed to present any of his arguments for one *complete* round of review by the state courts, so his claims are procedurally defaulted. To the extent Petitioner would

argue *Martinez* to excuse his procedural default, his claim must fail.  *Martinez* merely gave prisoners a chance to have federal courts entertain initial ineffective assistance of trial counsel claims that had not been properly presented to the state courts due to the prisoner's lack of counsel or the ineffective assistance of postconviction counsel.  It does not apply to claims when a petitioner does attempt to file a timely petition for postconviction relief.  Just as Petitioner filed a pro se state habeas petition, he could have filed a pro se Rule 37 petition.  His claims were not defaulted by postconviction counsel; thus *Martinez* does not apply.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in its final order.  In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2) (2006).  The Court finds no issue on which Petitioner has made a substantial showing of a denial of a constitutional right.  Thus, the Court will not issue a certificate of appealability.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.  The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2) (2006).  Because the Court will not issue a certificate of

appealability, it certifies than an appeal in forma pauperis would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

    SO ORDERED this 12th day of January, 2016.

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE