## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**MELVIN L. JEFFERSON,**
**ADC #090532**                                                                       **PETITIONER**

**v.**                                       **No. 5:14-cv-414-DPM**

**WENDY KELLEY,** *Director,*
**Arkansas Department of Correction**                      **RESPONDENT**

### ORDER

On *de novo* review, the Court adopts the recommendation, № *11*, as supplemented and overrules Jefferson's objections, № *12*. FED. R. CIV. P. 72(b)(3).

Jefferson's petition is time barred; and he hasn't shown the diligence or extraordinary circumstances necessary to warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649, 653–54 (2010). For example, even if Jefferson's *habeas* clock were tolled while he was being represented by allegedly ineffective counsel, he says counsel only represented him until 2010. № *2 at 14*. He offers no rare or extraordinary facts that prevented him from filing his petition for another four years. Further, while Jefferson's attempt to read

---

*The Court directs the Clerk to amend the docket to reflect the current Director of the Arkansas Department of Correction, Wendy Kelley. FED. R. CIV. P. 25(d).

*Martinez* and *Holland* together is creative, it is unavailing. Magistrate Judge Kearney is right; *Martinez* applies to procedurally defaulted claims, not untimely ones. *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); № *11 at 5*.

Jefferson's petition, № *2*, will be dismissed with prejudice. No certificate of appealability will issue.  28 U.S.C. § 2253(c)(1)–(2).

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 January 2016